UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH REYNOLDS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 4:15-CV-499-SPM |
| MICHAEL S. BOWERSOX, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned on the petition of Missouri state prisoner Kenneth Reynolds ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 11). For the following reasons, the petition will be denied.

### I. BACKGROUND

On May 5, 2014, Petitioner pleaded guilty in the St. Louis City Circuit Court to three counts of first-degree robbery and three counts of armed criminal action. Resp't Ex. A, at 1. The court sentenced Petitioner to thirteen years of imprisonment on each count, to be served concurrently. *Id.* at 2-3. Petitioner did not seek review through a direct appeal and did not file a Rule 24.035 motion for post-conviction relief. *See* Pet'n, Doc. 1, at 2-3.

In the instant *pro se* petition, Petitioner asserts two grounds for relief: (1) that his plea counsel was ineffective; and (2) that he and the judge who presided over his plea had a "conflict of interest." Respondent contends that both claims should be denied because they have been procedurally defaulted and because they are without merit.

1

**II. DISCUSSION**

**A. Procedural Default Analysis**

Respondent first contends that both of Petitioner's claims should be denied because they have been procedurally defaulted. The Court agrees.

To preserve a claim for federal habeas review, "a state habeas petitioner must present that claim to the state court and allow that court an opportunity to address his claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* "In Missouri, 'a claim must be presented at each step of the judicial process in order to avoid default.'" *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (quoting *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994)).

Here, Petitioner acknowledges that he did not present either of his claims to any state court. He did not file either a direct appeal or a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. Thus, his claims have been procedurally defaulted. The federal habeas court will consider a procedurally defaulted claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Moore-El*, 446 F.3d at 896 (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, a petitioner must demonstrate that the claimed errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *accord Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999). Lastly, in order to assert the fundamental

miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

Here, the only attempt Petitioner makes to show cause to excuse his procedural default is his bare assertion that he was "misled by counsel." Petitioner does not assert what his counsel told him (or failed to tell him) or how he was misled by that advice. It is unclear whether his contention is that his counsel misled him about his right to assert these claims, misled him about the procedures through which he could assert these claims, misled him about the likelihood of success of these claims, or misled him about something else. Moreover, Petitioner does not even specify whether the attorney who misled him was his plea counsel or some other attorney he consulted about a possible motion for postconviction relief. The Court notes that Petitioner had the opportunity to file a Reply brief in which he could have added additional details, but he did not do so. Petitioner's vague assertion that he was misled by counsel is not sufficient to show cause to excuse his procedural default. Moreover, Petitioner makes no attempt to show that the alleged errors in his case "worked to his actual and substantial disadvantage." Thus, Petitioner has not shown prejudice. Petitioner also has not presented any new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted, so he cannot show that the fundamental miscarriage of justice exception applies.

For all of the above reasons, both of Petitioner's claims are procedurally defaulted, Petitioner has not shown any basis on which to excuse the procedural default, and the Court is barred from considering the merits of those claims. Thus, they will be denied. However, as

miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

Here, the only attempt Petitioner makes to show cause to excuse his procedural default is his bare assertion that he was "misled by counsel." Petitioner does not assert what his counsel told him (or failed to tell him) or how he was misled by that advice. It is unclear whether his contention is that his counsel misled him about his right to assert these claims, misled him about the procedures through which he could assert these claims, misled him about the likelihood of success of these claims, or misled him about something else. Moreover, Petitioner does not even specify whether the attorney who misled him was his plea counsel or some other attorney he consulted about a possible motion for postconviction relief. The Court notes that Petitioner had the opportunity to file a Reply brief in which he could have added additional details, but he did not do so. Petitioner's vague assertion that he was misled by counsel is not sufficient to show cause to excuse his procedural default. Moreover, Petitioner makes no attempt to show that the alleged errors in his case "worked to his actual and substantial disadvantage." Thus, Petitioner has not shown prejudice. Petitioner also has not presented any new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted, so he cannot show that the fundamental miscarriage of justice exception applies.

For all of the above reasons, both of Petitioner's claims are procedurally defaulted, Petitioner has not shown any basis on which to excuse the procedural default, and the Court is barred from considering the merits of those claims. Thus, they will be denied. However, as

discussed below, even assuming, *arguendo*, that Petitioner had shown cause and prejudice to excuse the procedural default, the claims would be denied because they are without merit.

### B. Merits Analysis

Respondent next argues that even if Petitioner could show cause and prejudice to excuse the procedural default of his claims, the claims should be denied because they are without merit. The Court agrees.

#### 1. Ground One: Ineffective Assistance of Counsel

In Ground One, Petitioner asserts that his plea counsel was ineffective. Specifically, Petitioner alleges that his plea counsel failed to conduct enough depositions and discovery, failed to investigate the case sufficiently, failed to object to evidence or arguments presented by the state, did not spend enough time with Petitioner, failed to file motions requested by Petitioner, and failed to explain the terms of the judgment.

After a guilty plea, collateral review of the plea "is ordinarily confined to whether the guilty plea was both counseled and voluntary." *Pennington v. United States*, 374 F. Supp. 2d 813, 816 (E.D. Mo. 2005) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). A plea is voluntary if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In the context of a guilty plea, a defendant who pleaded guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill*, 474 U.S. at 56-57. The Supreme Court has held that the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 689 (1984), applies to ineffective assistance claims in the guilty plea context. *Hill*, 474 U.S. at 57-59. To satisfy the first prong, sometimes known as the "deficient performance" prong, the petitioner must show "that counsel's representation fell below

an objective standard of reasonableness." *Id.* at 57. "Judicial scrutiny of counsel's performance must be highly deferential," and the petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and might be considered sound trial strategy. *Strickland*, 466 U.S. at 689 (citation and internal quotation marks omitted). To satisfy the second prong in the guilty plea context, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Petitioner cannot show that either prong of *Hill* is satisfied here. Petitioner asserts that his plea counsel failed to take depositions, conduct discovery, and file motions, but he does not identify what depositions his counsel should have taken, what discovery his counsel should have sought, or what investigation his counsel should have conducted. Nor does Petitioner specify what information might have been discovered had his counsel done any of these things or how that information might have helped his defense. Petitioner also asserts that his plea counsel failed to file motions, but he does not state what motions his plea counsel failed to file or how they would have affected his case. Petitioner argues that his plea counsel "failed to explain the terms of the judgment," but does not state what terms his plea counsel failed to explain. Petitioner also does not offer any basis for a finding that there is a reasonable probability that, but for these errors, Petitioner would not have pleaded guilty but instead would have insisted on going to trial. Petitioner's general and conclusory allegations are insufficient to show ineffective assistance of counsel. *See Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012) ("[C]onclusory allegations of ineffective assistance . . . are insufficient to state a constitutional claim."); *Otey v. Grammer*, 859 F.2d 575, 578 (8th Cir. 1988) ("The burden is on the petitioner to demonstrate what evidence his trial counsel could have discovered that would have helped his defense."); *Harrington v.*

*Wallac*e, No. 4:14 CV 1683 CDP, 2017 WL 2778088, at *8 (E.D. Mo. June 27, 2017) ("To succeed on a claim that counsel was ineffective for failing to investigate, [the petitioner] may not base his claim on conclusory allegations but rather must allege what information his attorney failed to discover. A habeas petitioner who offers only speculation that he was prejudiced by counsel's failure to investigate fails to show ineffective assistance of counsel.") (citing *Sanders v. Trickey*, 875 F.2d 205, 209 (8th Cir. 1989)) (citation omitted).

For all of the above reasons, Ground One is without merit and should be denied.

### 2. Ground Two: Bias of Presiding Judge

In Ground Two, Petitioner argues that he has a "conflict of interest" with Judge Jimmie Edwards, who presided over his plea. Pet'n, Doc. 1, at 6. Specifically, Petitioner asserts that he went to Judge Edwards's school, Innovative Concept Academy; that Judge Edwards was his juvenile judge between 2007 and 2011; and that Judge Edwards was his judge for probation. Petitioner states that he feels Judge Edwards has a personal vendetta against him. The Court construes this as a claim that Petitioner's due process rights were violated because the presiding judge in Petitioner's case was biased.

"Due process guarantees 'an absence of actual bias' on the part of a judge." *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1904 (2016) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)). "To establish an enforceable and workable framework, the Court's precedents apply an objective standard that, in the usual case, avoids having to determine whether actual bias is present. The Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, 'the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias.'" *Id.* (quoting *Caperton v. A.T. Massey Coal Co.*, 445 U.S. 868, 881 (2009)). The Eighth Circuit has stated:

6

> The test in determining if a judge's bias should be presumed in a particular case is whether, realistically considering psychological tendencies and human weaknesses, the judge would be unable to hold the proper balance between the state and the accused. In making this inquiry we, of course, presume the honesty and integrity of those serving as judges.

*Dyas v. Lockhart*, 705 F.2d 993, 996-97 (8th Cir.1983) (citing *Tumey v. Ohio*, 273 U.S. 510, 532 (1927); *Withrow v. Larkin*, 421 U.S. 35, 47 (1975); and *Taylor v. Hayes*, 418 U.S. 488, 501 (1974)). *Accord Jones v. Luebbers*, 359 F.3d 1005, 1013 (8th Cir. 2004).

Here, Petitioner has not asserted any facts that would support a finding that the average judge in Judge Edwards' position was unlikely to be neutral, that there is an unconstitutional potential for bias, or that he would be unable to hold the proper balance between the state and the accused. Aside from the entirely conclusory allegation that Petitioner "feel[s] that" Judge Edwards had a "personal vendetta" against Petitioner, the facts alleged show only that Judge Edwards has presided as a judge over other cases involving Petitioner and that Petitioner went to a school with which Judge Edwards was involved. Neither of those facts suggests that Judge Edwards would be likely to be biased against Petitioner.

For all of the above reasons, Ground Two is without merit and should be denied.

### III. CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Tiedman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the

7

issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that reasonable jurists could not differ on Petitioner's claims, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Kenneth Reynolds's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of January, 2018.